Marilyn FIGUEROA, Plaintiff–
Appellant,

v.

CITY OF NEW YORK, Department of
Sanitation, Rocky Darmiento,
Defendants–Appellees.

Docket No. 02–9336.

United States Court of Appeals,
Second Circuit.

Dec. 9, 2004.

Marilyn Figueroa, Bronx, NY, for Plaintiff–Appellant, pro se.

Sharyn Rootenberg, Assistant Corporation Counsel, for Michael Cardozo, Corporation Counsel, NY, NY, for Municipal Appellees.

PRESENT: NEWMAN, SACK, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Marilyn Figueroa ("Figueroa") appeals a judgment of the United States District Court for the Southern District of New York (Scheindlin, *J.*) in favor of the City of New York and the Department of Sanitation (collectively, the "City"), and her Sanitation Department supervisor Rocky Darmiento. Familiarity with the relevant facts, procedural history, and the issues on appeal is assumed.

Following discovery, the City moved for summary judgment on Figueroa's sexual discrimination and harassment claims based on disparate treatment, retaliation, and a hostile work environment. *See* 42 U.S.C. § 1981; 42 U.S.C. § 2000e. The District Court granted the motion as to the disparate treatment and retaliation claims, but initially denied the motion as to the hostile work environment claim. Upon reconsideration, the District Court essentially focused on Figueroa's previously overlooked statement that the mistreatment had occurred "because … [she is] Marilyn Figueroa" and on *Alfano v. Costello*, 294 F.3d 365 (2d Cir.2002), to conclude that the discrimination was personal, as opposed to gender-based discrimination. The Court then granted summary judgment on the remaining claim.

On appeal, Figueroa makes a number of contentions: She established a *prima facie* case; she demonstrated unlawful retaliation; her claims were timely; she was subjected to a hostile work environment; and summary judgment would not have been granted but for poor representation by her counsel. Concerning the first three, we affirm essentially for the reasons stated by the District Court.

█ To prevail on a gender discrimination claim based on a hostile work environment theory, a plaintiff must show: "(1) that the workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of [his or] her work environment, and (2) that a specific basis exists for imputing the conduct that created the hostile environment to the employer." *Petrosino v. Bell Atlantic*, 385 F.3d 210, 221 (2d Cir.2004) (internal citations and quotation marks omitted).

█ In a six year period, Figueroa claims that there were five potentially inappropriate comments, two pranks, a few acts of mistreatment of her property and threats of violence, and at least ten adverse personnel decisions, only a few of which even arguably evidence gender discrimination. While even a single incident can be sufficiently severe to create a hostile work environment, the incidents alleged here do not rise to that level. In *Alfano*, we considered recent hostile work environment case law. *Alfano*, 294 F.3d at 379–80. Specifically, we reviewed cases dismissed for insufficiency of the evidence; most of these cases alleged discrimination more severe, *see, e.g., Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 768 (2d Cir.

1998) (an appreciative comment about plaintiff's buttocks and a deliberate touching of her breasts), or more frequent and pervasive, *see, e.g.*, *Black v. Zaring Homes, Inc.*, 104 F.3d 822, 823–24 (6th Cir.1997) (in a four-month period, repeated sexual jokes, and at least five other sexually offensive remarks), than here. Figueroa's allegations do not meet the *Alfano* threshold for frequency and severity because the incidents she catalogues are "too few, too separate in time, and too mild . . . to create an abusive working environment." *Alfano*, 294 F.3d at 380.

■ In addition, Figueroa has failed to show the required "linkage or correlation" between the sex-neutral incidents and discriminatory animus: "Everyone can be characterized by sex, race, ethnicity, or (real or perceived) disability; and many bosses are harsh, unjust, and rude. It is therefore important in hostile work environment cases to exclude from consideration personnel decisions that lack a linkage or correlation to the claimed ground of discrimination." *Alfano*, 294 F.3d at 377.

While Figueroa may have been subjected to a certain amount of offensive behavior and adverse personnel decisions, "[i]t is axiomatic that mistreatment at work . . . is actionable under Title VII only when it occurs because of an employee's sex, or other protected characteristic." *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001). With respect to the offensive but gender-neutral conduct Figueroa pointed to, she offered only the conclusory statement that the harassment occurred because she is a woman. She failed to adduce evidence sufficient to link these acts to her gender or to the perpetrators' gender-based animus. Similarly, she presented insufficient evidence connecting most of the allegedly improper personnel decisions to gender-based discrimination.

Accordingly, the judgment of the District Court is **AFFIRMED**. We have considered Figueroa's remaining contentions and find them to be without merit.